ROYSTON et al. v. WEIS.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1902.)

No. 1,062.

BANKRUPTCY—PARTNERSHIP—INDIVIDUAL PETITION OF MEMBER.

A firm having failed more than eight years before a member thereof petitioned individually to be adjudged a bankrupt, and more than nine years before the other partner was cited, without any proof of bankruptcy, rule on the latter to show cause why he and the partnership should not be adjudged bankrupt is properly discharged.

Appeal from District Court of the United States for the Eastern District of Texas.

George E. Mann, for appellants.
J. Z. H. Scott, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In 1891 the firm of Weis Bros., composed of Robert Weis and Albert Weis, merchants in Galveston, Tex., failed in business. The failure was followed with an assignment in favor of creditors under the Texas statutes, which assignment was in due course administered, and the assets of Weis Bros. consumed, and the affairs of the partnership more or less liquidated and settled. In December, 1899, Albert Weis petitioned individually, and for himself alone, to be adjudged a bankrupt. The facts in question in the pending case were shown by the report of the referee as follows:

"At the first meeting of the creditors of said Albert Weis, bankrupt, held on December 30th, 1899, the bankrupt was duly sworn by the referee, and examined by Judge Geo. E. Mann, attorney for creditors. The schedule of the bankrupt shows that all property owned by him when the petition was filed is exempt under the laws of Texas, except claims due the old firm of Weis Bros., composed of the bankrupt and his brother, Robert Weis, which are estimated at the nominal sum of $300,000, but are shown by the schedule to be barred by limitation, and worthless. On January 5th, 1900, a contest of the schedules was filed by Judge Mann, as attorney for several creditors, whose claims were duly proved on January 29th. January 8th the bankrupt filed his petition for discharge, and the hearing was set for January 29th, when the creditors appeared by their attorney, and gave notice of opposition to the discharge. The creditors were given until February 12th to file their specifications. February 5th the creditors requested the referee an examination of the bankrupt, which was overruled, because the bankrupt had been fully examined at the first meeting, and could be again examined on the hearing of the opposition to the discharge. February 10th the specifications in opposition to the discharge were filed, and on February 12th the bankrupt filed his answer thereto. February 12th the creditors demanded a jury, which demand was overruled, and at the request of the creditors' attorney the question was certified to his honor, Judge Bryant, who also overruled the request, holding that a jury trial of the grounds of opposition to the discharge was not allowed by the bankrupt law. February 22d was filed by the creditors a request of the referee to rule on the issues of law presented in the specifications of opposition to the discharge, and asking that Robert Weis, a resident of Galveston, and a member of the old firm of Weis Bros., be cited to appear as a party. The referee overruled this request, holding that whether Robert Weis was a necessary party could not be determined until it was ascertained whether there were any assets of Weis Bros., and that all questions of law involved would properly come up on the hearing of the opposition to the discharge. The hearing was set for April 16th, and the parties in interest duly notified. April 7th the creditors filed exceptions to a hearing by the referee under the orders of the judge, because the judge alone could hear the opposition, and because a writ of error from the order of the judge refusing a jury trial was pending. These exceptions were overruled by the referee, and the evidence was heard on April 16th and taken down by a stenographer, and has been duly filed. Having heard the evidence and argument of counsel, the referee overruled all the grounds of opposition. During the progress and at the close of the hearing, the attorney for the creditors asked for an order requiring the bankrupt to produce the books of Weis Bros., and to make Robert Weis a party to the bankruptcy proceeding. In this connection the fact is stated that the bankrupt's schedule B, after giving the exempt property, states as

follows: ' 'Open accounts, promissory notes, accepted drafts, judgments, as appear in the commercial books of Weis Bros., amounting to the sum of about $300,000, as will more fully appear in said commercial books, being for goods sold to the several parties by the firm of Weis Bros., the said claims being barred by limitation, and worthless.' The books referred to have never been filed or produced. The request to require the bankrupt to produce the books was refused, because the testimony showed that the bankrupt did not have the books in his possession, and that it was at least uncertain whether the books were in Galveston, or could be produced, and, further, because it was clearly shown that all the debts due the old firm of Weis Bros., which failed in 1891, were barred and worthless, so that the books, if produced, would not be material evidence. The request to make Robert Weis a party was refused, because the evidence showed that the partnership of Weis Bros. had no assets, and, being without assets, it was not essential to the discharge of Albert Weis that the other member of the partnership should be a party in bankruptcy. Had Weis Bros. any assets to administer, then it would be proper for the partnership, or all members of it, to be brought into the proceeding. Here the partnership had been dissolved about eight years prior to the filing of the petition in bankruptcy, and the evidence showed that it is without assets. The bankrupt, under section 14 of the bankrupt law, is entitled to a discharge, unless he has committed an offense punishable by imprisonment, or, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, has destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained; and the opposing creditors, on whom the burden of proof rests, have failed to show facts which, under the law, can defeat the discharge. The referee therefore respectfully recommends that the discharge be granted. The creditors duly excepted to the overruling of their grounds of opposition, and to all the referee's rulings. These conclusions, together with the papers in the cause and the stenographic report of the evidence, are, therefore, certified to Hon. D. E. Bryant, judge of said court, for his action in the premises. J. R. Burnett, Referee in Bankruptcy. Houston, May 10, 1900."

Exceptions were taken by the creditors to this report, and on the hearing the following order was entered:

"On this 16th day of June, 1900, came on to be heard before the district court, in special session, the application of the said bankrupt for discharge in bankruptcy, together with the specifications, in opposition thereto, of John E. Gale, Lawrence & Co., Geo. M. Coburn & Co., and other opposing creditors, who are creditors of the firm of Weis Bros., of which bankrupt is a member, his copartner being Robert Weis, a resident of the city and county of Galveston, state of Texas; and it appearing to the court that Albert Weis has reported in schedule of assets 'open accounts, promissory notes, accepted drafts, judgments as appear in the commercial books of Weis Bros., amounting to the sum of about $300,000, as will more fully appear in said commercial books, being for the goods sold to several parties by the firm of Weis Bros., the said claim being barred by limitation and worthless'; and it appearing that the items of said assets reported by bankrupt as worthless have not been itemized, and that the bankrupt has not scheduled or produced the commercial books of the said firm of Weis Bros., the matter is referred back to the referee, and said Albert Weis is ordered to itemize said $300,000 lump sum, giving names of debtors; amounts respective due, and as to how the items are now represented, by judgment or otherwise; also that the said Albert Weis amend his schedules and make schedules of the commercial books of the firm of Weis Bros., in use at the time the said firm indebtedness of $311,000 and over reported owing was incurred, and also schedule new ledger No. 3, shown to be a condensation of said books made for said firm for convenience of collection in January, 1893, and that said bankrupt estate have a trustee therefor appointed by the referee, and that said Albert Weis turn over to said trustee said books, including said new ledger No. 3; and it further appearing that Robert Weis

is a resident of this federal judicial district, and that until said Robert Weis be cited at the instance of said Albert Weis to appear and show cause, if, any, why he, as a partner of Albert Weis and a member of said firm of Weis Bros., should not be adjudged a bankrupt, and that the referee take such, further steps in the premises as necessary for the adjudication in bankruptcy of said firm and the administration thereof, and that this reference back be without prejudice to Albert Weis to at proper time make application. as an individual and as member of said firm, for a discharge, when he, Albert, Weis, has Robert Weis cited in this case for an adjudication of firm of Weis Bros. as bankrupts. D. E. Bryant, Judge."

Thereupon Robert Weis was cited by the referee in a general way to show cause why the partnership of Weis Bros., and himself as a member of said partnership, should not be adjudged a bankrupt. Robert Weis answered, demurring to the jurisdiction, on the ground that there were no pleadings or allegations showing that either he himself or the firm of Weis Bros. had committed an act of bankruptcy. On the hearing of this matter, the referee made the following report:

"To Hon. David E. Bryant, Judge of Said Court: I, the undersigned referee of said court, respectfully report that, pursuant to your order heretofore made at Galveston, I cited Robert Weis, of Galveston, who with the bankrupt, Albert Weis, constituted the late partnership of Weis Bros., to appear before me, and show cause why he and the partnership of Weis Bros. should not be adjudged bankrupt, and also why he should not deliver in court all books in his possession belonging to said partnership; that due answer to said citation and order was filed by Robert Weis, and same is hereto annexed as part of this report. That said answer came on to be heard before me at Galveston on February 4th, 1901, J. Z. H. Scott, Esq., appearing for, Robert Weis, and Geo. E. Mann, Esq., for the creditors, and after said hearing I am of the opinion, and so report, that the first clause of said answer (objecting that this court is without jurisdiction to adjudge said Robert Weis, or the partnership of Weis Bros., bankrupt, or to make any order touching the books or affairs of Weis Bros., for want of allegation of any act of bankruptcy committed by them or either of them, and because by law and by the bankruptcy of Albert Weis, the other partner in said firm of Weis Bros., the affairs of said partnership are remitted to the exclusive deposition of said Robert Weis), shows sufficient cause why this court should not adjudge said Robert Weis, or said partnership of Weis Bros., bankrupt, and, there being no allegation that said Robert Weis or said partnership of Weis Bros. have committed any act of bankruptcy, it is my opinion, and I respectfully report, that neither Robert Weis nor the partnership of Weis Bros. should be adjudged bankrupt, and that this court should make no order touching their books or other affairs, and that by law and the bankruptcy of said Albert Weis such books and other affairs should be and are remitted to the exclusive management and control of said Robert Weis, for want of his consent to their administration in bankruptcy. To this ruling the creditors duly excepted. If insolvency is of itself an act of bankruptcy, the partnership should be adjudged bankrupt, but if in this case allegation and proof of an act of bankruptcy be essential to authorize an involuntary adjudication, then the adjudication should not be made. The question is respectfully certified to your honor. J. R. Burnett, Referee in Bankruptcy. February 18th, 1901."

The matter again being brought before the judge, the following order was entered:

"It is ordered, adjudged, and decreed that the said order and report of the referee be, and the same are hereby, in all things ratified, confirmed, and adopted; that the said rule and order for the said Robert Weis to show cause why he and the said partnership should not be adjudged bankrupt,

and also why he should not deliver into this court all the books in his possession belonging to said partnership, be and the same is hereby discharged and vacated; and that the books and other affairs of said partnership be and are remitted to the management and control of said Robert Weis, for want of his consent to their administration in bankruptcy, and that said Robert Weis, and said partnership of Weis Bros., be hence discharged without day, and have and recover his costs of and against said trustee and said creditors of said Albert Weis."

As the firm of Weis Bros. failed over eight years before Albert Weis petitioned individually to be adjudged a bankrupt, and more than nine years before Robert Weis was cited without proof of any act of bankruptcy, we find no error in the decree appealed from.

We do not find it necessary to determine what effect the adjudication of Albert Weis as a bankrupt should have upon the firm of Weis Bros. and the other partner if the failure had been recent, or if partnership assets had been shown to be in existence.

The decree appealed from is affirmed.